# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00064-CR
## NO. 03-08-00065-CR

**In re Tyree Richardson**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NOS. 3-02-1594 & 3-02-1613, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In February 2004, Tyree Richardson was convicted in these two causes for burglary of a habitation with intent to commit sexual assault. Pursuant to a plea bargain, the district court imposed concurrent thirty-five-year prison sentences.[1] In March 2007, Richardson filed a pro se motion for forensic DNA testing in both causes. The motion was overruled and this appeal followed. We will affirm the trial court's order.

We briefly summarize the facts as reflected in the arrest warrant affidavits found in the clerk's records. On July 27, 2002, at approximately 11:00 p.m., G.A. responded to a knock on her apartment door to find a black male who asked her if "Ray" was there. When G.A. told the man that he had the wrong apartment, he forced his way in and began to hit G.A. with his fist and with the handle of a screwdriver. G.A., who was pregnant, begged the man not to hurt her or the baby.

---

[1] Richardson attempted to appeal the convictions, but the appeals were dismissed for want of jurisdiction.

The man ordered G.A. to remove her clothing, which she did, and he began to kiss her face, neck, and breasts. The man told G.A. he was going to have sex with her. At this time, G.A.'s husband entered the apartment, and the intruder fled. Richardson's fingerprint was found on a drinking glass that had been handled by the burglar/assailant.

Three days later, at the same apartment complex and at the same time of night, D.V. opened her apartment door believing that the person who had knocked was her boyfriend. She encountered a black male who asked for "Vanessa." D.V. told the man that he had the wrong apartment and tried to close the door, but the man forced his way in. The man pushed D.V. onto her couch and held a knife to her throat. When she struggled, he began to choke her. The man began to feel D.V.'s vaginal area through her clothing and told her that he was going to do what he wanted. When D.V.'s boyfriend arrived, the intruder fled. D.V. identified Richardson as her attacker in a photographic lineup.

Richardson's testing motion did not identify the evidence he wanted tested. In fact, the motion complained that Richardson's due process rights were violated because the police did not collect biological evidence on which to perform DNA tests. In addition, the motion was not supported by the required affidavit. *See* Tex. Code Crim. Proc. Ann. art. 64.01(a) (West Supp. 2007). When these defects were pointed out in the State's response, Richardson filed a pro se "traverse" alleging additional facts, containing a list of items to be tested, and supported by an unsworn declaration that the facts stated were true. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West 2005). The items Richardson said he wanted tested were the victims' clothing, the drinking glass and knife, and the items seized at Richardson's residence, including Richardson's clothing and a screwdriver.

Richardson's "traverse" and the trial court's order denying Richardson's testing motion were filed on the same day, and we assume that the court did not have Richardson's supplemental pleading before it when it prepared the order. The court denied the testing motion because the motion was not supported by affidavit and did not specify the items to be tested, and because Richardson had failed to show that there was evidence suitable for DNA testing or to establish that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i), (2)(A) (West Supp. 2007).

Richardson's pro se brief contains four grounds of error. In ground one, he asserts that identity is an issue. The trial court did not conclude otherwise. No error is shown.

Ground two states that Richardson's due process rights were violated because the police used improper investigative techniques. Whatever the merits of this contention, it is not relevant to the propriety of the court's order. Nothing is presented for review.

In his third ground, Richardson complains of "errors in the State's objections." This is a reference to the arrest warrant affidavits appended to the State's response to the testing motion. These affidavits reflect that at the time they were filed, the State was treating these cases as attempted aggravated sexual assaults rather than as burglaries with intent to commit sexual assault. The State was entitled to change its theory of prosecution. No error in the trial court's order is shown.

Finally, in ground four, Richardson lists without argument the items of evidence he wants tested. In addition to the items mentioned previously, Richardson states that he wants the fingerprint evidence to be retested and that he wants testing of "[a]ny other DNA substances found at the crime scene that was not the victim's nor the witnesses. Blood, saliva, hair, nails, or

3

fingerprints." He does not state that any of this evidence actually exists. Ground four does not present any allegation of error for review.

Richardson's brief does not challenge the trial court's conclusion that no evidence suitable for DNA testing has been shown to exist. To the extent that Richardson is asking for further testing of the fingerprint evidence, he is not asking for DNA testing at all. As for the other items mentioned by Richardson, he refers us to no evidence or statement of fact suggesting that any exculpatory biological material might be present in or on these items.

Richardson also does not challenge the trial court's conclusion that he failed to establish by a preponderance of the evidence that he would not have been convicted if exculpatory DNA testing results had been obtained. Richardson's fingerprint on G.A.'s drinking glass positively linked him to the first incident. D.V.'s identification of Richardson as her assailant was corroborated by the similarities between the two crimes, which strongly suggest that both were committed by the same person.

For the reasons stated, the grounds of error are overruled and the district court's order denying Richardson's motion for forensic DNA testing is affirmed.

_____
W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: June 19, 2008

Do Not Publish

4